UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM THOMAS MASSIE<br>4352 Hononegah Road<br>Roscoe, Illinois  61073<br><br>      Plaintiff,<br>and<br><br>DUNNIE RICHARD TUCK<br>557 West Lake Shore Drive<br>Carriere, Mississippi  39426<br><br>      Plaintiff,<br><br>and<br><br>DONALD RAYMOND MCCLARREN<br>821 Edison Avenue<br>Lewisburg, Pennsylvania 17837<br><br>      Plaintiff,<br><br>and<br><br>ROSE BUCHER, Individually and as the duly<br>appointed Personal Representative of the<br>ESTATE OF LLOYD BUCHER,<br>DECEASED.<br>16296 Rostrata Hill Road<br>Poway, California 92064<br><br>      Plaintiff.<br><br>     vs.<br><br>THE GOVERNMENT OF THE<br>DEMOCRATIC PEOPLE'S REPUBLIC OF<br>KOREA, its Ministries, Agencies and<br>Instrumentalities<br>Central District<br>Pyongyang, North Korea<br><br>      Defendants | Court No. _____ |

# **COMPLAINT**

NOW COME the Plaintiffs, WILLIAM THOMAS MASSIE, DUNNIE RICHARD

TUCK, DONALD RAYMOND MCCLARREN, and ROSE BUCHER, Individually and as

Personal Representative of the ESTATE OF LLOYD BUCHER, DECEASED, and complaining

of the Defendants, THE GOVERNMENT OF THE DEMOCRATIC PEOPLE'S REPUBLIC OF

KOREA, its Ministries, Agencies and Instrumentalities, and state as follows:

**PARTIES**

1.    Plaintiff, WILLIAM THOMAS MASSIE (hereinafter "Massie") is a United

States citizen and a domiciliary of the State of Illinois and was tortured and held hostage

beginning on January 23, 1968 for a period of 11 months by THE GOVERNMENT OF THE

DEMOCRATIC PEOPLE'S REPUBLIC OF KOREA, its Ministries, Agencies and

Instrumentalities (hereinafter collectively referred to as "North Korea").

2.    Plaintiff, DUNNIE RICHARD TUCK (hereinafter "Tuck") is a United States

citizen and a domiciliary of the State of Mississippi and was tortured and held hostage beginning

on January 23, 1968 for a period of 11 months by North Korea.

3.    Plaintiff, DONALD RAYMOND MCCLARREN (hereinafter "McClarren") is a

United States citizen and a domiciliary of the Commonwealth of Pennsylvania and was tortured

and held hostage beginning on January 23, 1968 for a period of 11 months by North Korea.

4.    Plaintiff, ROSE BUCHER (hereinafter "Rose Bucher") is a United States citizen

and a domiciliary of the State of California.  Rose Bucher is the widow of Commander Lloyd

Bucher and is the duly appointed Personal Representative of the ESTATE OF LLOYD

BUCHER, DECEASED.

5.    Plaintiff's decedent, Commander LLOYD BUCHER (hereinafter "Commander

Bucher") was, prior to his death on January 28, 2004 a United States citizen and a domiciliary of

the State of California.  Commander Bucher was tortured and held hostage beginning on January

23, 1968 for a period of 11 months by North Korea.

6.      Defendant, North Korea, is a foreign sovereign whose activities as complained of herein were outside the scope of the immunity provided by the Foreign Sovereign Immunities Act specifically pursuant to 28 U.S.C. § 1605(a)(7) and by determination of the Secretary of State, 53 Fed. Reg. 3477 (Feb. 5, 1988).

## JURISDICTION

7.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1330 and pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605(a) (7) .

8.      Venue lies in this court pursuant to 28 U.S.C. § 1391(f) (4).

9.      North Korea was designated as a state sponsor of terrorism by the Secretary of State pursuant to § 6(j) of the Export Administration Act of 1979 (50 U.S.C. 2405(j)) or § 602(a) of the Foreign Assistance Act of 1961, 922 U.S.C. § 2371) in part as a result of the acts herein described and for which claim is being made by the Plaintiffs.  Notice, Determination Pursuant to Section 6(j) of the Export Administration Act of 1979; North Korea, 53 Fed. Reg. 3477 (Feb. 5, 1988).

## STATEMENT OF FACTS COMMON TO ALL COUNTS

10.      On or about January 23, 1968, while on patrol in waters off the coast of North Korea, the naval vessel, USS Pueblo, came under unprovoked and unlawful attack by military elements of North Korea including two submarine chasers, four torpedo boats, and two MIG-21 fighter jets.

11.      These military elements of North Korea fired upon the USS Pueblo, forcing her to stop and be captured and then boarded by North Korean sailors or other officials or agents of North Korea.

12.    Upon capture of the USS Pueblo by North Korea, crew members were blindfolded, beaten, threatened, prodded with bayonets and forcibly kidnapped from the ship.

13.    Over the course of the next 11 months, North Korea illegally held the crew members of the USS Pueblo hostage inside North Korea while subjecting them to mental and physical torture including beatings, batteries, threats of death, mock executions, food and sleep deprivations, imprisonment under extreme and physically abusive conditions, attempted brainwashing, and similar extreme and outrageous acts.  The tortious acts of the Defendants against the Plaintiffs herein were committed as acts of terrorism.

14.    At all relevant times, North Korea provided material resources and support in the form of funding, training, and direction, to its military forces and/or individuals carrying out the terrorist acts herein complained of.

## COUNT I

### Massie vs. North Korea

15.    Massie was a member of the crew of the USS Pueblo as described herein at the time of its unlawful capture by North Korea.

16.    Massie was thereby subjected to the tortious conduct of North Korea in being kidnapped, unlawfully imprisoned and restrained, and tortured as described herein.

17.    The acts of North Korea were extreme and outrageous such that no person could be expected to endure it.

18.    Massie is asserting his common law tort claims arising out of the intentional acts herein complained of against the Defendants, namely battery, assault, kidnapping, illegal restraint, false imprisonment, intentional infliction of emotional distress and outrage.

19.    The tortious conduct of North Korea proximately caused Massie to suffer injuries as follows:

      a.    He sustained severe and permanent physical injuries.

b.   He suffered and continues to suffer from Post Traumatic Stress Disorder.

c.   He was deprived of his basic human rights in that he was deprived of his freedom for a period of 11 months preventing him from attending to his normal and customary activities.

d.   He has suffered and continues to suffer from disability and disfigurement.

e.   He has suffered a loss of wages, income, and earning potential.

f.   He has incurred medical expenses on account of his injuries.

g.   He suffered and continues to suffer great pain and agony of mind and body.

20.   The acts of the Defendants herein were intentional, malicious, and performed deliberately to injure, damage, and harm Massie such that the Defendants should be subjected to punitive damages to punish said Defendants and to deter them and others from committing such acts in the future.

WHEREFORE the Plaintiff, WILLIAM THOMAS MASSIE,   respectfully requests compensatory damages against the Defendants, THE GOVERNMENT OF THE DEMOCRATIC PEOPLE'S REPUBLIC OF KOREA, its Ministries, Agencies and Instrumentalities,   jointly and severally, in the amount of $25,000,000.00 and punitive damages in the amount of $300,000,000.00, plus all costs of suit herein.


## COUNT II

### Tuck vs. North Korea

21.   Tuck was a member of the crew of the USS Pueblo as described herein at the time of its unlawful capture by North Korea.

22.   Tuck was thereby subjected to the tortious conduct of North Korea unlawfully imprisoned and restrained, and tortured as described herein.

23.     The acts of North Korea were extreme and outrageous such that no person could be expected to endure it.

24.     Tuck is asserting his common law tort claims arising out of the intentional acts herein complained of against the Defendants, namely battery, assault, kidnapping, illegal restraint, false imprisonment, intentional infliction of emotional distress and outrage.

25.     The tortious conduct of North Korea proximately caused Tuck to suffer injuries as follows:

a.     He sustained severe and permanent physical injuries.

b.     He suffered and continues to suffer from Post Traumatic Stress Disorder.

c.     He was deprived of his basic human rights in that he was deprived of his freedom for a period of 11 months preventing him from attending to his normal and customary activities.

d.     He has suffered and continues to suffer from disability and disfigurement.

e.     He has suffered a loss of wages, income, and earning potential.

f.     He has incurred medical expenses on account of his injuries.

g.     He suffered and continues to suffer great pain and agony of mind and body.

26.     The acts of the Defendants herein were intentional, malicious, and performed deliberately to injure, damage, and harm Tuck such that the Defendants should be subjected to punitive damages to punish said Defendants and to deter them and others from committing such acts in the future.

WHEREFORE the Plaintiff, DUNNIE RICHARD TUCK,   respectfully requests compensatory damages against the Defendants, THE GOVERNMENT OF THE DEMOCRATIC PEOPLE'S REPUBLIC OF KOREA, its Ministries, Agencies and Instrumentalities, jointly and

severally, in the amount of $25,000,000.00 and punitive damages in the amount of $300,000,000.00, plus all costs of suit herein.


## COUNT III

### McClarren vs. North Korea

27.    McClarren was a member of the crew of the USS Pueblo as described herein at the time of its unlawful capture by North Korea.

28.    McClarren was thereby subjected to the tortious conduct of North Korea in being kidnapped, unlawfully imprisoned and restrained, and tortured as described herein.

29.    The acts of North Korea were extreme and outrageous such that no person could be expected to endure it.

30.    McClarren is asserting his common law tort claims arising out of the intentional acts herein complained of against the Defendants, namely battery, assault, kidnapping, illegal restraint, false imprisonment, intentional infliction of emotional distress and outrage.

31.    The tortious conduct of North Korea proximately caused McClarren to suffer injuries as follows:

        a.    He sustained severe and permanent physical injuries.

        b.    He suffered and continues to suffer from Post Traumatic Stress Disorder.

        c.    He was deprived of his basic human rights in that he was deprived of his freedom for a period of 11 months preventing him from attending to his normal and customary activities.

        d.    He has suffered and continues to suffer from disability and disfigurement.

        e.    He has suffered a loss of wages, income, and earning potential.

        f.    He has incurred medical expenses on account of his injuries.

g.    He suffered and continues to suffer great pain and agony of mind and body.

32.    The acts of the Defendants herein were intentional, malicious, and performed deliberately to injure, damage, and harm McClarren such that the Defendants should be subjected to punitive damages to punish said Defendants and to deter them and others from committing such acts in the future.

WHEREFORE the Plaintiff, DONALD RAYMOND MCCLARREN, respectfully requests compensatory damages against the Defendants, THE GOVERNMENT OF THE DEMOCRATIC PEOPLE'S REPUBLIC OF KOREA, its Ministries, Agencies and Instrumentalities, jointly and severally, in the amount of $25,000,000.00 and punitive damages in the amount of $300,000,000.00, plus all costs of suit herein.


## COUNT IV

### Estate of Lloyd Bucher, Deceased vs. North Korea

33.    Commander Bucher was a member of the crew of the USS Pueblo as described herein at the time of its unlawful capture by North Korea.

34.    Commander Bucher was thereby subjected to the tortious conduct of North Korea in being kidnapped, unlawfully imprisoned and restrained, and tortured as described herein.

35.    The acts of North Korea were extreme and outrageous such that no person could be expected to endure it.

36.    The ESTATE OF LLOYD BUCHER, DECEASED is asserting the common law tort claims of Commander Bucher arising out of the intentional acts herein complained of against the Defendants, namely battery, assault, kidnapping, illegal restraint, false imprisonment, intentional infliction of emotional distress and outrage.

- 8 -

37.    The tortious conduct of North Korea proximately caused Commander Bucher to suffer injuries as follows:

    a.    He sustained severe and permanent physical injuries.

    b.    He suffered from Post Traumatic Stress Disorder.

    c.    He was deprived of his basic human rights in that he was deprived of his freedom for a period of 11 months preventing him from attending to his normal and customary activities.

    d.    He suffered from disability and disfigurement.

    e.    He suffered a loss of wages, income, and earning potential.

    f.    He incurred medical expenses on account of his injuries.

    g.    He suffered great pain and agony of mind and body.

38.    Commander Bucher died on January 28, 2004.  During his lifetime Commander Bucher had a cause of action for the injuries and damages as alleged herein, which cause of action survives pursuant to state law and is brought by the Plaintiff, Rose Bucher, the Personal Representative of the ESTATE OF LLOYD BUCHER, DECEASED.

39.    The acts of the Defendants herein were intentional, malicious, and performed deliberately to injure, damage, and harm Commander Bucher such that the Defendants should be subjected to punitive damages to punish said Defendants and to deter them and others from committing such acts in the future.

WHEREFORE the Plaintiff, ROSE BUCHER, PERSONAL REPRESENTATIVE OF THE ESTATE OF LLOYD BUCHER, DECEASED,  respectfully requests compensatory damages against the Defendants, THE GOVERNMENT OF THE DEMOCRATIC PEOPLE'S REPUBLIC OF KOREA, its Ministries, Agencies and Instrumentalities, jointly and severally, in the amount of $25,000,000.00 and punitive damages in the amount of $300,000,000.00, plus all costs of suit herein.

## COUNT V

### Rose Bucher, Individually vs. North Korea

40.    Commander Bucher was a member of the crew of the USS Pueblo as described herein at the time of its unlawful capture by North Korea.

41.    Commander Bucher was thereby subjected to the tortious conduct of North Korea in being kidnapped, unlawfully imprisoned and restrained, and tortured as described herein.

42.    The acts of North Korea were extreme and outrageous such that no person could be expected to endure it.

43.    Rose Bucher is asserting her common law tort claims arising out of the intentional acts herein complained of against the Defendants, namely battery, assault, kidnapping, illegal restraint, false imprisonment, intentional infliction of emotional distress and outrage to her husband, Commander Bucher who was thereby injured as alleged herein.

44.    The tortious conduct of North Korea proximately caused Commander Bucher to suffer injuries as follows:

      a.    He sustained severe and permanent physical injuries.

      b.    He suffered from Post Traumatic Stress Disorder.

      c.    He was deprived of his basic human rights in that he was deprived of his freedom for a period of 11 months preventing him from attending to his normal and customary activities.

      d.    He suffered from disability and disfigurement.

      e.    He suffered a loss of wages, income, and earning potential.

      f.    He incurred medical expenses on account of his injuries.

      g.    He suffered great pain and agony of mind and body.

45.    At all times herein relevant Rose Bucher was the lawful spouse of Commander Bucher.

46.    The tortuous conduct of North Korea proximately caused Rose Bucher to lose and be deprived of the services, support, consortium, affection, companionship, solatium of and with her husband, Lloyd Bucher.

47.    The acts of the Defendants herein were intentional, malicious, and performed deliberately to injure, damage, and harm Rose Bucher such that the Defendants should be subjected to punitive damages to punish said Defendants and to deter them and others from committing such acts in the future.

WHEREFORE the Plaintiff, ROSE BUCHER, Individually,  respectfully requests compensatory damages against the Defendants, THE GOVERNMENT OF THE DEMOCRATIC PEOPLE'S REPUBLIC OF KOREA, its Ministries, Agencies and Instrumentalities, jointly and severally, in the amount of $25,000,000.00 and punitive damages in the amount of $300,000,000.00, plus all costs of suit herein.

THE PLAINTIFFS DEMAND A TRIAL BY JURY AS TO ALL COUNTS SO LONG

AS SAID DEMAND WOULD NOT DEPRIVE THIS COURT OF JURISDICTION.


Dated:  April 24, 2006                                    Respectfully submitted,

                                         By:    _____
                                                Richard H. Streeter
                                                D.C. Bar No. 946053

                                         By:    _____
                                                Karen A. McGee
                                                D.C. Bar No. 426552

                                                BARNES & THORNBURG LLP
                                                750 17th Street, NW, Suite 900
                                                Washington, DC  20006
                                                Telephone:   (202) 408-6932
                                                Facsimile:   (202) 289-1330



                                         By:    _____
                                                Daniel T. Gilbert
                                                Pro Hac Vice - Il. Reg. No. 3127137

                                                BARRETT & GILBERT LLP
                                                1645 Temple Lane
                                                Rockford, Illinois  61112
                                                Telephone: (815) 332-9600 (Ext. 205)
                                                Facsimile:  (815) 332-9646

                                                ATTORNEYS FOR PLAINTIFFS