UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAM THOMAS MASSIE; )
DUNNIE RICHARD TUCK; )
DONALD RAYMOND MCCLARREN; )
and ROSE BUCHER, Individually and as the )
duly appointed Personal Representative of the )
ESTATE OF LLOYD BUCHER, )
DECEASED, )
 )
      Plaintiffs, )
 )
vs. ) Court No. 1:06CV00749 (HHK)
 )
THE GOVERNMENT OF THE )
DEMOCRATIC PEOPLE'S REPUBLIC OF )
KOREA, its Ministries, Agencies and )
Instrumentalities, )
 )
      Defendants. )
 )

**PLAINTIFFS' MOTION FOR STATUS CONFERENCE AND/OR HEARING DATE AS A PREREQUISITE FOR ENTRY OF DEFAULT JUDGMENT**

Plaintiffs William Thomas Massie, Dunnie Richard Tuck, Donald Raymond McLarren, and Rose Bucher, Individually and as the duly appointed Personal Representative of the Estate of Lloyd Bucher, deceased, pursuant to Rule 55 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1608(e), hereby move this Court for the entry of an Order setting a status conference and/or hearing date to establish a protocol for presentation of evidence and argument relating to Plaintiffs' right to a default judgment against Defendants, The Government of the Democratic People's Republic of Korea, its Ministries, Agencies, and Instrumentalities. The reasons for Plaintiffs' Motion are set forth in the accompanying Memorandum in support of this Motion.

- 1 -

- 2 -

Respectfully submitted,

/s/ Richard Henry Streeter
_____
Richard Henry Streeter
D.C. Bar No. 946053
Karen A. McGee
D.C. Bar No. 426552
BARNES & THORNBURG LLP
750 17th Street, NW, Suite 900
Washington, DC  20006
Telephone:  (202) 408-6933
Fax:  (202) 289-1330

Daniel T. Gilbert, Esq.
Gregory E. Barrett, Esq.
(Admitted pro hac vice
as counsel for Plaintiffs)
Barrett & Gilbert LLP
1645 Temple Lane
Rockford, IL  61112
(815) 332-9600

Attorneys for Plaintiffs

Dated:  August 17, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM THOMAS MASSIE;<br>DUNNIE RICHARD TUCK;<br>DONALD RAYMOND MCCLARREN; and<br>ROSE BUCHER, Individually and as the duly<br>appointed Personal Representative of the<br>ESTATE OF LLOYD BUCHER,<br>DECEASED,<br><br>           Plaintiffs,<br><br>    vs.<br><br>THE GOVERNMENT OF THE<br>DEMOCRATIC PEOPLE'S REPUBLIC OF<br>KOREA, its Ministries, Agencies and<br>Instrumentalities,<br><br>           Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Court No.  1:06CV00749 (HHK)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF
PLAINTIFFS' REQUEST FOR A STATUS CONFERENCE TO ESTABLISH A
PROTOCOL FOR THE PRESENTATION OF EVIDENCE AND ARGUMENT
RELATING TO PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT
JUDGMENT**

    This action arises out of the January 1968 unprovoked and unlawful attack on the U.S. Naval vessel, USS Pueblo, by military elements of Defendants, and the boarding of said vessel and the capture of its crew by sailors, officials or agents of the said Defendants. The Plaintiffs, William Thomas Massie, Dunnie Richard Tuck, Donald Raymond McClarren, and Lloyd Bucher, deceased, as crew members of the USS Pueblo, were blindfolded, beaten, threatened, prodded with bayonets, and forcibly kidnapped from their ship. Over the course of the next 11 months, the Defendants illegally held the crew members of the USS Pueblo hostage inside North Korea while subjecting them to mental and physical torture including beatings, batteries, threats of death, mock executions, food and sleep deprivations, imprisonment under extreme and physically

abusive conditions, attempted brainwashing, and similar extreme and outrageous acts. The tortious acts of the Defendants against the Plaintiffs herein were committed as acts of terrorism. North Korea was designated as a state sponsor of terrorism under § 6(j) of the Export Administration Act of 1979 (50 U.S.C. 2405(j) or § 602(a) of the Foreign Assistance Act of 1961, 922 U.S.C. § 2371). The Plaintiffs timely filed this action pursuant to the Foreign Sovereign Immunities Act of 1976 ("FSIA"), as amended, 28 U.S.C. § 1602 *et seq.,* seeking damages from Defendants for the illegal, tortuous acts of terrorism as described herein and as more fully described in the Complaint.

As set forth below, Defendants were properly served with notice of this action on September 8, 2006, pursuant to the FSIA. Because the Defendants have not served an answer or other responsive pleading to the Complaint within the sixty days provided in 28 U.S.C. § 1608(d), a default judgment should be entered. In order to satisfy the statutory requirements of 28 U.S.C. § 1608(e), which govern entry of default judgments against a foreign state, Plaintiffs seek a status conference to establish a schedule and protocol for the presentation of evidence and argument relating to Plaintiffs' right to a default judgment against the Defendants and for a hearing date. Following the presentation of evidence and entry of default, Plaintiffs will request this Court to provide notice to the Defendants of the entry of default against them as also required by 28 U.S.C. § 1608(e).

**I.     Service Of Process Was Properly Effectuated Pursuant To 28 U.S.C. § 1608(a)(3) Against The Defendants on September 8, 2006.**

Defendants were properly served on September 8, 2006, pursuant to 28 U.S.C. § 1608(a)(3). That section of the FSIA provides that if service cannot be made under 28 U.S.C. § 1608(a)(1) or (2), service may be effectuated against a foreign state and its agencies and instrumentalities:

> by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state [in this case, Korean], by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned.

Pursuant to the provisions of 28 U.S.C. § 1607(c)(2), service shall be deemed to have been made in this case as of the date of receipt indicated in the notice of service provided by DHL Express, which is the carrier employed by the Clerk of Court to effectuate delivery and service because the United States Postal Service does not deliver mail to North Korea.  The shipment was tendered by the Clerk on September 1, 2006, along with DHL Airwaybill No. 7474361786.  A true copy of the notification of service provided by DHL is attached hereto, as Plaintiffs' Exhibit 1.  As stated therein, the shipment "was delivered on September 8, 2006 at 14:03 PM signed by Gyu Sok."  Thus, Plaintiffs have met all of the requirements under the FSIA for effectuating service against the Defendants.

**II.      Entry of Default Is Appropriate Because The Defendants Failed To Serve An Answer Or Other Responsive Pleading To The Complaint Within Sixty Days Of Service.**

Pursuant to 28 U.S.C. § 1608(d), a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state served with a complaint under 28 U.S.C. § 1608(a) is required to serve an answer or other responsive pleading within sixty days of service of the Complaint upon it.  More than sixty days have elapsed since the Defendants were served with the Complaint on September 8, 2006, and the Defendants have not served an answer or other responsive pleading.  Consequently, entry of default is proper against Defendants under 28 U.S.C. § 1608(d) and Rule 55 of the Federal Rules of Civil Procedure.

**III.    Plaintiffs Respectfully Request The Court To Establish A Schedule And Protocol For Presenting Evidence And Argument In Support of Plaintiffs' Right To A Default Judgment.**

Under the FSIA, in order to obtain a default judgment against the Defendants, Plaintiffs must establish their right to a default judgment.  Specifically, 28 U.S.C. § 1608(e) requires that:

> [n]o judgment by default shall be entered by a court of the United States against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court.

Plaintiffs therefore request that a status conference be held to address issues such as the procedures for presenting evidence and argument in support of Plaintiffs' right to a default judgment against the Defendants, including the setting of the hearing date.

**V.    Conclusion**

For the reasons set forth above, Plaintiffs respectfully request that the Court schedule a status conference to establish the schedule and protocol for presenting evidence and argument regarding Plaintiffs' right to a default judgment.

Respectfully submitted,

/s/ Richard Henry Streeter

———————————————————
Richard Henry Streeter
D.C. Bar No. 946053
Karen A. McGee
D.C. Bar No. 426552
BARNES & THORNBURG LLP
750 17th Street, NW, Suite 900
Washington, DC  20006
Telephone:  (202) 408-6933
Fax:  (202) 289-1330

                                          Daniel T. Gilbert, Esq.
                                          Gregory E. Barrett, Esq.
                                          (Admitted pro hac vice
                                          as counsel for Plaintiffs)
                                          Barrett & Gilbert LLP
                                          1645 Temple Lane
                                          Rockford, IL  61112
                                          (815) 332-9600

                                          Attorneys for Plaintiffs

Dated:  August 17, 2007

CERTIFICATE OF SERVICE

      I, Richard Henry Streeter, do hereby certify that a true copy of the foregoing Motion and Memorandum in Support Thereof was served on the following named Defendants by DHL Express, freight charges prepaid:

Democratic Peoples Republic of Korea
Ministry of Foreign Affairs
Pyongyang
Korea, D.P.R. OF

                                                <u>/s/ Richard Henry Streeter</u>
                                                Richard H. Streeter