UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAM THOMAS MASSIE; )
DUNNIE RICHARD TUCK; )
DONALD RAYMOND MCCLARREN; and )
ROSE BUCHER, Individually and as the duly )
appointed Personal Representative of the )
ESTATE OF LLOYD BUCHER, )
DECEASED, )
                                     Plaintiffs, )
                          vs. )  Court No. 1:06CV00749 (HHK)
THE GOVERNMENT OF THE )
DEMOCRATIC PEOPLE'S REPUBLIC OF )
KOREA, its Ministries, Agencies and )
Instrumentalities, )
                                 Defendants )

## VERIFIED REQUEST FOR ENTRY OF DEFAULT JUDGMENT

    Pursuant to Rule 55(a), Fed. R. Civ. P., Plaintiffs, William Thomas Massie, Dunnie Richard Tuck, Donald Raymond McClarren, and Lloyd Bucher, deceased, by and through counsel, request entry of a default against the Defendants. Although properly served, Defendants have failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure. Plaintiffs timely filed this action pursuant to the Foreign Sovereign Immunities Act of 1976 ("FSIA"), as amended, 28 U.S.C. § 1602 *et seq.*, seeking damages from Defendants in the amount of $10,350,000 per Plaintiff for the illegal, tortuous acts of terrorism as described fully described in the Complaint and in Plaintiffs' First Amended Complaint.

    As set forth below, Defendants were properly served with notice of this action on September 8, 2006, pursuant to the FSIA. Because the Defendants have not served an answer or other responsive pleading to the Complaint within the sixty days provided in 28 U.S.C. § 1608(d), a default judgment should be entered.

1

I. **Service Of Process Was Properly Effectuated Pursuant To 28 U.S.C. § 1608(a)(3) Against The Defendants on September 8, 2006.**

Defendants were properly served on September 8, 2006, pursuant to 28 U.S.C. § 1608(a)(3). That section of the FSIA provides that if service cannot be made under 28 U.S.C. § 1608(a)(1) or (2), service may be effectuated against a foreign state and its agencies and instrumentalities:

> by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state [in this case, Korean], by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned.

Pursuant to the provisions of 28 U.S.C. § 1607(c)(2), service shall be deemed to have been made in this case as of the date of receipt indicated in the notice of service provided by DHL Express, which is the carrier employed by the Clerk of Court to effectuate delivery and service because the United States Postal Service does not deliver mail to North Korea. The shipment was tendered by the Clerk on September 1, 2006, along with DHL Airwaybill No. 7474361786. A true copy of the notification of service provided by DHL is attached hereto, as Plaintiffs' Exhibit 1. As stated therein, the shipment "was delivered on September 8, 2006 at 14:03 PM signed by Gyu Sok." Thus, Plaintiffs have met all of the requirements under the FSIA for effectuating service against the Defendants.

II. **Entry of Default Is Appropriate Because The Defendants Failed To Serve An Answer Or Other Responsive Pleading To The Complaint Within Sixty Days Of Service.**

Pursuant to 28 U.S.C. § 1608(d), a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state served with a complaint under 28 U.S.C. § 1608(a) is required to serve an answer or other responsive pleading within sixty days of service of the Complaint upon it. More than sixty days have elapsed since the Defendants were served with the

Complaint on September 8, 2006, and the Defendants have not served an answer or other responsive pleading. Consequently, entry of default is proper against Defendants under 28 U.S.C. § 1608(d) and Rule 55 of the Federal Rules of Civil Procedure.

> Very truly yours,
>
> *(signed)*
> Richard H. Streeter
> D.C. Bar No. 946053
> Karen A. McGee
> D.C. Bar No. 426552
> Barnes & Thornburg LLP
> 750 17th Street, N.W., Suite 900
> Washington, D.C. 20006
> Telephone: (202) 408-6933
> Fax: (202) 289-1330

Dated: April 21, 2008

## VERIFICATION

I, Richard H. Streeter, Counsel of Record in the above-captioned matter, declare under penalty of perjury that the foregoing is true and correct.

> *(signed)*
> Richard H. Streeter




FROM: Lacovinay McBeth

DATE: 10-13-06

COMPANY: Barnes + Thornburg

CONTACT: Nathan Stokes

PHONE: (877-297-6031) EXT.4874
FAX: (928) 222-2982

(DOM) / INTL (CIRCLE ONE)
FAX #: 202-289-1330

DHL AIRWAYBILL #: 7474861786

THERE ARE 2 PAGES ATTACHED TO THIS COVER PAGE.

_____    HARD COPY PROOF OF DELIVERY
            SEE LINE # _____

__X__       REQUESTED LETTER

_____    COPY OF DHL AIRWAYBILL

_____    MISCELLANEOUS

_____    REQUEST FOR ADDITIONAL INFORMATION

COMMENTS:
_____
_____
_____
_____

*PLEASE CALL ME IF I CAN BE OF FURTHER ASSISTANCE!*
*THANK YOU FOR SHIPPING WITH DHL EXPRESS!*



October 13, 2006

Barnes & Thornburg
Nathan Stokes
750 NW 17th St ste 900
Washington DO, 20006
Fax (202) 289-1330

Airwaybill:          7474361786
Date Shipped:        September 01, 2006
Shipper:             Barnes & Thornburg
Consignee:           Democratic Peoples Republic of Korea
City, State, Zip:    Pyongyang
Country:             Korea, D.P.R. OF

Dear Nathan Stokes,

In response to your inquiry concerning the above referenced shipment, DHL Express has traced this shipment through our shipping cycle and has ascertained the following:

Your Shipment was delivered on September 08, 2006 at 14:03PM signed by Gyu Sok.

DHL sincerely regrets any inconvenience that may have resulted with regards to this shipment. We value our relationship with our customers and hope you will allow us to continue providing services to your company.

Sincerely,


Lacovinay McBeth
Service Inquiry Research Specialist
1(877) 297-6031 + 4874.