THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WILLIAM THOMAS MASSIE et al., )<br>)<br>Plaintiffs, )<br>) <br>v. )<br>)<br>GOVERNMENT OF THE DEMOCRATIC )<br>PEOPLE'S REPUBLIC OF KOREA, )<br>)<br>Defendant. )<br>) | Civil Action No. 06-749 (HHK) |

### UNOPPOSED MOTION ON BEHALF OF OFFICE OF FOREIGN ASSETS CONTROL FOR PROTECTIVE ORDER AUTHORIZING DISCLOSURE IN RESPONSE TO RULE 45 SUBPOENA

#### INTRODUCTION

The U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC"), respondent to a subpoena issued by plaintiffs in the above-captioned matter under Rule 45 of the Federal Rules of Civil Procedure, hereby moves for the entry of an order authorizing disclosure of certain information responsive to that subpoena. Plaintiffs in this case hold a terrorism-related judgment in excess of $65 million issued on December 30, 2008 against the Democratic People's Republic of Korea (North Korea), *Massie v. Government of the Democratic People's Republic of Korea*, Civ. Action No. 06-00749 (HHK). The subpoena issued by plaintiffs on or about August 31, 2009 seeks information from OFAC regarding, *inter alia*, North Korean assets in the United States. *See* Exhibit A (*Massie* subpoena).

1

OFAC has agreed to provide plaintiffs with certain information responsive to the subpoena, pursuant to the terms of the attached proposed protective order.[1] Without a protective order, the release of this information might violate the Trade Secrets Act ("TSA"), 18 U.S.C. § 1905, which imposes criminal penalties for the disclosure of information falling within its terms without appropriate authorization of law. Thus, while OFAC does not waive any right, privilege, or immunity to which it may be entitled with respect to any further response, it respectfully requests that, in light of the prohibitions of the Trade Secrets Act, the Court authorize its disclosure of information responsive to plaintiffs' subpoena via the attached proposed protective order.[2]

Pursuant to Local Rule 7(m), the undersigned counsel has conferred with counsel for the plaintiffs, Richard Streeter, who has indicated that plaintiffs do not object to the terms of the proposed protective order attached hereto.

## ARGUMENT

**AUTHORIZATION OF LAW IS REQUIRED BEFORE DISCLOSURE MAY BE MADE OF INFORMATION PROTECTED BY THE TRADE SECRETS ACT.**

Information responsive to plaintiffs' subpoena may be subject to the restrictions on disclosure set forth in the TSA, a criminal statute. The TSA bars unauthorized release

---

[1] OFAC takes no position as to whether any of the assets that may be identified as a result of its disclosure may ultimately be available for attachment under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1601 *et seq.*, Section 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA"), Pub. L. No. 107-297, or any other applicable law. Nor does OFAC intend to waive or compromise in any way the United States' ability to state its views in future litigation as to the attachability of these assets.

[2] As noted in the proposed protective order, the Court's entry of that order will resolve only the question of whether disclosure is authorized under the Trade Secrets Act and does not constitute a determination as to any other privilege or immunity OFAC may have as to any information potentially responsive to plaintiffs' subpoena or any objection OFAC may have to plaintiffs' subpoena.

by a federal employee or officer of certain types of information received by the government. Specifically, the statute provides:

> **§ 1905. Disclosure of confidential information generally.**
>
> Whoever, being an officer or employee of the United States or of any department or agency thereof . . . publishes, divulges, discloses, or makes known in any manner or to any extent not authorized by law any information coming to him in the course of his employment or official duties or by reason of any examination or investigation made by, or return, report or record made to or filed with, such department or agency or officer or employee thereof, which information concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the identity, confidential statistical data, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or association; or permits any income return or copy thereof or any book containing any abstract or particulars thereof to be seen or examined by any person except as provided by law; shall be fined under this title, or imprisoned not more than one year, or both; and shall be removed from office or employment.

18 U.S.C. § 1905.

The Court of Appeals for the District of Columbia has described the TSA's scope as "exceedingly broad" (even "oceanic") and has held that it "encompasses virtually every category of business information likely to be found in the files" of an agency. *CNA Financial Corp. v. Donovan*, 830 F.2d 1132, 1140 (D.C. Cir. 1987) (further stating that the TSA "appears to cover practically any commercial or financial data collected by any federal employee from any source in performance of the duties of his or her employment," and that the "comprehensive catalogue of items in the [TSA] accomplishes essentially the same thing as if it had simply referred to 'all officially collected commercial information' or 'all business and financial data received'"). Under the TSA, disclosure of information within its scope must be "authorized by law," or the disclosing employee "shall be fined under this title, or imprisoned not more than one year, or both; and shall be removed from office or employment." 18 U.S.C. § 1905. A Rule 45

subpoena, which may be issued at the discretion of any civil litigant, does not constitute the necessary "authoriz[ation] by law." *Cf. Doe v. DiGenova*, 779 F.2d 74, 84-85 (D.C. Cir. 1985) (construing similar language in Privacy Act); *In re Valecia Condensed Milk*, 240 F. 310, 314 (7th Cir. 1917) (construing predecessor to TSA). However, a "lawfully issued judicial order" satisfies the authorization requirement for disclosure of Trade Secrets Act material. *See United States v. Liebert*, 519 F. 2d 542, 546 (3d Cir. 1975).

In other cases where information relating to blocked assets has been sought from OFAC, courts in this district have previously authorized disclosure pursuant to a protective order. *See Ungar v. Palestinian Authority*, Misc. No. 04-90 (D.D.C.) (Sullivan, J.) (Docket No. 10); *Jacobsen v. Oliver*, Civil Action No. 01-1810 (D.D.C.) (Friedman, J/Robinson, M.J.) (Docket Nos. 68, 86, and 78). Similarly, here, given the prohibitions of the TSA, disclosure by OFAC of information sought by plaintiffs may be authorized by the entry of a protective order.

The D.C. Circuit has recognized, in the context of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the government's need to protect information disclosed to it where trade secrets or confidential commercial or financial information is at issue. Where information is provided to the Government under compulsion, courts evaluate whether its disclosure would "impair the government's ability to obtain the necessary information in the future." *McDonnell Douglas Corp. v. NASA*, 180 F.3d 303, 304-05 (D.C. Cir. 1999); *Critical Mass Energy Project v. Nuclear Regulatory Comm'n*, 975 F. 2d 871, 878-80 (D.C. Cir. 1992). Here, the information OFAC is willing to disclose was provided to it pursuant to 31 C.F.R. § 501.603, which requires financial institutions and other holders of blocked property to file reports with OFAC within ten business days of

the blocking of the property, as well as annually. The requirement is "mandatory," *see id.*, and "[r]eports filed are regarded as privileged and confidential." *Id.* subsection (a). In the absence of a protective order, disclosure of information submitted to OFAC under § 501.603 would adversely affect OFAC's administration of its programs relating to terrorist financing and economic sanctions, which depends in large part on OFAC's ability to maintain the confidentiality of the information submitted to it. Accordingly, OFAC requests that the Court provide the authorization of law required by the TSA by issuing the proposed protective order attached hereto.

## CONCLUSION

For the reasons set forth herein, plaintiffs request that this Court enter the attached proposed protective order authorizing OFAC to disclose information in response to plaintiffs' subpoena pursuant to the terms set forth therein.


Dated: October 5, 2009

                                           Respectfully submitted,

                                           TONY WEST
                                           Assistant Attorney General

                                           CHANNING D. PHILLIPS
                                           United States Attorney

                                           ARTHUR R. GOLDBERG
                                           Assistant Branch Director


                                           _____
                                           /s/ Lynn Y. Lee
                                           Lynn Y. Lee (Cal. Bar # 235531)
                                           Trial Attorney
                                           U.S. Department of Justice
                                           Civil Division, Federal Programs Branch
                                           Tel: (202) 305-0531

Fax: (202) 616-8460
E-mail: lynn.lee@usdoj.gov

<u>Mailing Address:</u>
P.O. Box 883
Washington, D.C. 20044

<u>Courier Address:</u>
20 Massachusetts Avenue, NW
Room 6109
Washington, D.C. 20001

*Attorneys for the United States*